[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiff appeals under R.I.G.L. 1956 § 45-24-20 as amended from a decision of the Newport Zoning Board of Review which denied plaintiff's appeal from a decision of the Newport Historic District Commission. That decision approved the application of defendant Congregation Jeshuat Israel (hereinafter the "synagogue") for permission to construct an addition to its Community Center. The Center, opposite the synagogue on Touro Street, is the historic Levi Gale house and it has been used as a center by the synagogue since 1926.
Before the Court are the record of the proceedings before the Historic District Commission, including its written decision filed June 11, 1991, minutes of lengthy hearings held March 19, and April 16, 1991, the decision of the zoning board filed April 28, 1992 and memoranda of counsel.
Plaintiff's appeal does not directly attack the Commission's decision on the merits, but argues the Commission improperly considered internal arrangement of the Levi Gale house, that it operated under rules and regulations which conflicted with the Enabling Act and the city ordinance under which it functioned, that improper weight was given to the favorable recommendation of the Rhode Island Historic Preservation Committee, and that it violated the act, the ordinance, and the open meetings law. On review here, the Court cannot weigh the evidence nor substitute its judgment for that of the zoning board. Mendonsa v. Corey,495 A.2d 257 (R.I. 1985). But the Board reviews Commission decisions under R.I.G.L. § 45-24.1-7.2 as amended, a broader statute, which permits, inter alia, reversal for "____ or lack of support by the weight of the evidence in the record."
The Court has read the record on appeal from the Commission to the Board, examined its many exhibits, and read the 150 or so pages of testimony in the transcripts. It is clear to the Court that while the Commission listened to some testimony concerning the interior of the Levi Gale house and the proposed addition, its decision was in no way based upon anything but the exterior appearance of the proposed structure. It violated neither the enabling act nor the ordinance, which limits the Commission's considerations to exterior features of the structure. See, e.g., transcript March 19, 1991, where at page 54 the chairman, having heard some testimony concerning interior arrangements, said this:
 ". . . Just before everyone leaves, I know I tried to explain, but as a sort of a final, closing statement, when we come back here next month or the following month, when a final vote is taken on this plan, we're basing it strictly on the design standards. We're talking about the overall building, such as roof shapes, the basic outline of the building and things like that."
Other parts of the record emphasize that limitation. See, e.g., comments of Commission members made before the unanimous vote to approve was taken. Hearing, April 16, 1991, pp. 86-95.
The Court can find nothing in the record which lends support to the argument that the decision should be reversed because certain standards are in conflict with the Act and the Ordinance. The Commission knew its limitations and responsibilities, and its decision reflects such. Weight given to the approval by the Rhode Island Historic Preservation Commission was a matter of primary concern to the Commission, reviewable by the zoning board only as it viewed the weight of the evidence in the record. There is no basis here for reversal because of that claimed error. And finally, the Court does not consider that a visit by two or three members to the property, for a view, with a report of its findings put before the full commission two days later, violates any closed meeting prohibition. The statute, R.I.G.L. 1956 §42-46-3, as amended, reads:
 "Open meetings. — Every meeting of all public bodies shall be open to the public unless closed pursuant to §§ 42-46-4 and 42-46-5."
§ 42-46-2 defines (a) "Meeting", and (b) "Public body":
 "Meeting" means the convening of a public body to discuss and/or act upon a matter over which the public body has supervision, control, jurisdiction, or advisory power. As used herein, the term "meeting" shall expressly include, without limiting the generality of the foregoing, so-called "workshop," "working," or "work" sessions."
 "Public body" means any department, agency, commission, committee, board, council, bureau, or authority or any subdivision thereof of state or municipal government. For purposes of this section, any political party, organization, or unit thereof meeting or convening for any purpose is not and should not be considered to be a public body."
Nor did the view taken violate any other "meeting" provision. The visiting committee here was neither a public body holding a meeting, nor a subdivision thereof within the statute.
The Commission decision contains findings which, as the Court views the record, are fully supported by the evidence.
The board's decision:
 "Finding #7: There was no prejudicial procedural error or clear error in the record.
 Finding #8: There was considerable support by the weight of the evidence to sustain the Commission's decision."
are conclusions fully supported by the record and grounded on earlier findings.[1]
There being no error, plaintiff's appeal is denied and dismissed and the clerk will forthwith enter judgment for defendants for costs.
[1] The Court considers Finding #6 surplusage.